UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JBAAM SPECIAL OPPORTUNITIES
FUND II LLC and YA II PN, LTD.,

            Plaintiffs,

v.

REZOLVE AI PLC and DAN WAGNER,

            Defendants.

No. 25-cv-6762 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    This case was removed from New York State court on August 15, 2025 and assigned to this Court on August 18, 2025. On August 20, 2025, the Court ordered Defendants to articulate why diversity jurisdiction existed, given that the presence of a foreign plaintiff appeared to extinguish complete diversity. *See* Dkt. No. 5 (noting that all defendants were also foreign and citing *F5 Cap. v. Pappas*, 856 F.3d 61, 75 (2d Cir. 2017)). Defendants then filed a letter on August 21 conceding that diversity jurisdiction was lacking and asking the Court to (1) extend their deadline to respond to Plaintiffs' complaint, (2) permit Defendants to withdraw their notice of removal, and (3) remand the case to New York State court. *See* Dkt. No. 6.

    The Court lacks the power to grant Plaintiffs an extension, or to take any action other than remanding the case to state court. Pursuant to 28 U.S.C. § 1447, "[if] at any time before final judgment it appears that the district court lacks subject mater jurisdiction, the case shall be remanded." Indeed, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a*

*Better Env't*, 523 U.S. 83, 94 (1998) (internal quotation marks omitted); *see also Cook v. Village of Hoosick Falls*, No. 17-cv-636 (LEK), 2018 WL 5634685, at *5 (N.D.N.Y. Oct. 30, 2018) ("[T]he Court cannot accept and stay a case over which it lacks jurisdiction."); *In re Reddy*, No. 17-cv-1067 (VAB), 2019 WL 1242896, at *7 (D. Conn. Mar. 18, 2019) (same).

Here, the Court has determined that it lacks subject matter jurisdiction, because "on one side there are citizens and aliens and on the opposite side there are only aliens." *F5 Cap.*, 856 F.3d at 75 (holding that this destroys diversity jurisdiction). Because it lacks jurisdiction, it must remand the case and may not "proceed at all" in taking any other actions. *Steel Co.*, 523 U.S. at 94. Accordingly, the case is hereby remanded to New York State Court, and the Clerk of Court is respectfully directed to close this action in its entirety.

SO ORDERED.

Dated:   August 21, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge